IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID L. YOUNG,

      Plaintiff,

                                   CIVIL ACTION
  vs.                            No. 10-3230-SAC

ZANE L. TODD, JR.,

      Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis. Because plaintiff is incarcerated, his motion is governed by 28 U.S.C. § 1915(b).

Pursuant to 28 U.S.C. § 1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having examined the records supplied by the plaintiff, the court finds the average monthly deposit to plaintiff's account is $35.58, and the average monthly balance is $0.86. The court therefore assesses an initial partial filing fee of $7.00,

twenty percent of the average monthly deposit, rounded to the lower half dollar.[1]

Next, because plaintiff is incarcerated, the court is required to conduct a preliminary screening of his complaint and to dismiss any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A (a) and (b). Having conducted that initial review, the court is contemplating the summary dismissal of this matter on the following ground.

The sole defendant to this action is an attorney who represented plaintiff in the criminal action against him. Plaintiff claims his counsel failed to prepare adequately for the preliminary hearing and as a result, plaintiff was bound over for trial.

In an action under § 1983, a necessary element is a deprivation of a plaintiff's federal rights that occurred under color of state law. A private attorney, however, is ordinarily not a state actor for purposes of an action under § 1983. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005)(conduct of

---

[1] Plaintiff's payments will continue until he satisfies the $350.00 filing fee in this action. These payments will be made in installments calculated pursuant to 28 U.S.C. §1915(b)(2).

2

an attorney in representing a client is not action under color of state law under § 1983)(citation omitted).

Accordingly, the court is considering the dismissal of this § 1983 action because the sole defendant is not a state actor. The court will allow plaintiff an opportunity to show cause why this dismissal should not be entered.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before February 4, 2011, plaintiff shall submit an initial partial filing fee of $7.00.  Any objection to this order must be filed on or before the date payment is due.

IT IS FURTHER ORDERED that on or before February 4, 20011, plaintiff shall show cause why this matter should not be dismissed on the ground the sole defendant did not act under color of state law.  The failure to file a timely response may result in the dismissal of this action without prejudice and without additional prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 4th day of January, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge