IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID L. YOUNG,

       Plaintiff,

  vs.

ZANE L. TODD, JR.,

       Defendant.

CIVIL ACTION
No. 10-3230-SAC

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner in the Johnson County Adult Detention Center. Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.[1]

By its earlier order, the court directed plaintiff to show cause why this matter should not be dismissed on the ground that

---

[1] Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $350.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

the sole defendant, an attorney in private practice, is not a state actor for purposes of an action under § 1983.

Plaintiff filed an objection, in which he asserts a number of errors by his trial counsel. In support of his objection, he cites portions of the ABA defense function standards which he claims counsel violated. He also asserts that a public defender may be held liable under § 1983 if he engages in conspiratorial action.

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert,* 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole,* 504 U.S. 158, 161 (1992).

While attorneys are deemed officers of the court, it is settled that a private attorney is not a state actor under §1983. *Barnard v. Young,* 720 F.2d 1188, 1189 (10th Cir. 1983)("private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983.") Here, plaintiff's claims of error by his attorney appear to assert no more than state law tort claims of

malpractice and negligence.[2]

Finally, while plaintiff correctly asserts that a public defender may be liable under § 1983 for acts pursuant to a conspiracy with state officials to deny constitutional rights, *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994), plaintiff has not alleged a conspiracy. Rather, he complains that his attorney did not adequately prepare for the proceedings in which he represented plaintiff. Such allegations are insufficient. *Scott v. Hern,* 216 F.3d 897, 907 (10th Cir. 2000)("[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action.")(internal quotation marks omitted).

Having considered the record in light of plaintiff's objection, the court concludes this matter must be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's trial attorney was not a state actor whose conduct is cognizable under § 1983, and plaintiff has not alleged a

---

[2]The court offers no opinion on the merits of such a claim.

conspiracy with state actors.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. §1915(b)(2) until plaintiff satisfies the $350.00 filing fee.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

Copies of this Memorandum and Order shall be transmitted to the plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 24th day of February, 2011.

                                          S/ Sam A. Crow
                                          SAM A. CROW
                                          United States Senior District Judge